**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38555**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2011 Unpublished Opinion No. 753** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 21, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CHRIS WAYNE LAWRENCE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Order denying motion to suppress evidence, <u>affirmed</u>; sentence of eight years unified with two years fixed, <u>affirmed</u>; order denying I.C.R. 35 motion <u>reversed</u> and case <u>remanded</u> for the entry of an amended judgment of conviction.

Molly J. Huskey, State Appellate Public Defender; Jordan E. Taylor, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Chris Wayne Lawrence appeals from his judgment of conviction and sentence entered following his guilty plea to possession of a controlled substance with a persistent narcotics violator enhancement. I.C. §§ 37-2732(c)(1), 37-2739. Lawrence specifically alleges that the district court erred in denying his motion to suppress evidence and in imposing an excessive sentence. He also challenges the district court's denial of his I.C.R. 35 motion for correction of time served. We affirm in part, reverse in part and remand for the entry of an amended judgment of conviction.

The facts of the case regarding the motion to suppress were not in dispute in the district court. Lawrence was a passenger on a motorcycle when he dropped his wallet onto the street. The driver of the motorcycle pulled over and he and Lawrence searched for the wallet along the

1

side of the road. A police officer, performing his community caretaking function, made contact with the two men and requested the assistance of a second officer in locating the wallet. The second officer found the wallet in the middle of the street and returned it to Lawrence.

At this time, the officer asked Lawrence if he was carrying anything illegal to which Lawrence replied he was not. The officer requested permission to search him and Lawrence consented to the search stating "Go ahead" while raising his hands in the air. During the search, the officer felt a small square container. The officer asked Lawrence, "What's this in here? What's this? Can I take it out? This little square thing? Do you mind if I take it out and see what it is?" Lawrence responded, "Yes, what is it?" The officer replied, "I'm asking you." The officer found marijuana in a small box and upon a further search of Lawrence incident to arrest, the officer found methamphetamine. Lawrence was charged with possession of a controlled substance. The state also asserted that based on a previous conviction of possession of a controlled substance, Lawrence was a persistent narcotics violator subject to an enhanced sentence.

Lawrence filed a motion to suppress the evidence seized during his encounter with the police. At a hearing on the motion, Lawrence did not challenge the initial contact with the officers or his consent to a pat-down. He argued, however, that his consent was only for the officer to perform a pat-down. He further argued that his response to the officer's questions equated to a withdrawal of any previously given consent. The state introduced a video taken of the encounter and asserted that Lawrence gave the officer consent to search his pockets and this consent was not ever withdrawn.

The district court found that Lawrence consented to being searched. In doing so the court specifically noted Lawrence's response of, "Yes, what is it?" as meaning "yes, go through my pockets and tell me what it is." The district court denied the motion to suppress and Lawrence entered a conditional guilty plea reserving his right to challenge that denial. Thereafter, the district court sentenced Lawrence to a unified eight years with two years fixed. Lawrence filed a Rule 35 motion for correction of time served, which the district court denied. Lawrence appealed.

Lawrence first argues that the district court erred by failing to consider whether Lawrence withdrew his consent to the search in his responses to the officer. This argument is without merit. Counsel below specifically argued that Lawrence's response should be held to mean that

Lawrence did mind that the square item be taken from his pocket. Counsel took the position that Lawrence was revoking his consent by his answer to the police officer's question, "Do you mind?" The district court rejected that argument and held that Lawrence's statement was part of his overall consent to the search. Thus, the district court clearly ruled on the issue.

Next, Lawrence asserts that the district court erred in denying the motion to suppress because any consent to search had been revoked prior to the officer removing the square container. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Consent, freely and voluntarily given, may be revoked, thereby terminating the authority of the police to continue the warrantless search. *State v. Staatz,* 132 Idaho 693, 696, 978 P.2d 881, 884 (Ct. App. 1999). "[E]ffective withdrawal of consent requires unequivocal conduct, in the form of either an act, statement, or some combination of the two, that is inconsistent with the consent to the search previously given." *Burton v. United States,* 657 A.2d 741, 748 (D.C. 1994).

Lawrence argues that his answer, "Yes, what is it?" during the search of his pocket only referred back to the officer's question, "Do you mind if I take it out and see what it is?" However, Lawrence was responding to a series of questions by the officer. Determining which question was being responded to, or how Lawrence's answer was to be interpreted, was an issue of fact for the district court. The district court viewed the video recording of the incident and took into account Lawrence's physical demeanor and actions as well. In doing so, the district court found that Lawrence continually consented to the search. That finding is supported by the evidence presented. Lawrence has failed to show error in the district court's denial of his motion to suppress.

Next, Lawrence asserts that the district court imposed an excessive sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134

Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Having reviewed the record before the district court, including the nature of this offense and Lawrence's character and lengthy previous record of criminal behavior, we conclude that Lawrence has failed to show an abuse of discretion by the district court. Lawrence's sentence of eight years with two years fixed is not excessive.

Finally, Lawrence challenges the district court's denial of his Rule 35 motion to correct the number of days he is entitled to as credit for time served. The state, in its Respondent's Brief, concedes error by the district court in this regard. Although Lawrence is claiming credit totaling 179 days, the state maintains he should be given credit for 180 days. Therefore, we reverse the order of the district court denying Lawrence's Rule 35 motion and remand for the entry of an amended judgment of conviction properly awarding Lawrence credit for time served.

The district court's denial of Lawrence's motion to suppress is affirmed. Lawrence's sentence of a unified term of eight years with two years fixed is also affirmed. However, we reverse the district court's order denying Lawrence's Rule 35 motion and remand the case for entry of an amended judgment of conviction crediting Lawrence for his additional days of time served.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

4